No. 10,903.

SCOTT, ET AL. v. BURLINGTON STATE BANK.

Decided February 2, 1925.   Rehearing denied March 2, 1925.

Action to foreclose trust deed.   Decree for plaintiff.

*Affirmed.*

1.  APPEAL AND ERROR—*Assignments.* An assignment of error that the decree is against the law, is insufficient to raise the question of nonjoinder of an indispensable party.

2.  PLEADING—*Prayer—Fraudulent Conveyance.* In an action to subject property to payment of creditor's claim, it is immaterial that the prayer includes foreclosure of a mortgage, the facts being sufficient to make the action a creditor's bill.

3.  MORTGAGE—*Trust Deed—Foreclosure—Sale.* Where a trust deed is foreclosed in court as a mortgage, the court may designate the sheriff or any other person to make the sale.
     In the instant case, designation of the public trustee to make the sale, approved, as the legal title passed with his deed.

4.  FRAUDULENT CONVEYANCES—*Estoppel.* Where a father represented to a bank that his son was the owner of property, thereby obtaining credit for the son, while he himself held a deed to the property, he was estopped from thereafter asserting title against the creditor.

5.  FRAUD—*Fraudulent Conveyance—Record.* The owner of property who fraudulently represents that it is owned by another, can-

not on the ground that other investigations were made, say that his false statements were not relied upon, when he prevented the investigations from disclosing the truth.

*Error to the District Court of Yuma County, Hon. H. E. Munson, Judge.*

Mr. HENRY E. MAY, Mr. A. J. GOULD, JR., for plaintiffs in error.

Messrs. ALLEN, WEBSTER & DRATH, for defendant in error.

*En banc.*

MR. JUSTICE DENISON delivered the opinion of the court.

THE bank was plaintiff below and had a decree of foreclosure of certain land against C. Blaine Scott, Lincoln R. Scott and Minnie K. Scott. The last two bring error.

The notes were made to the bank by C. Blaine Scott, and a trust deed to the public trustee was executed by him to secure them. A quitclaim deed from him to Minnie K. Scott, his mother, which purported to convey an undivided one-half of the land, was on record when the trust deed was given. She afterward conveyed to Lincoln, her husband. The plaintiff's claim was that the deed to her was voluntary and fraudulent and that Lincoln and Minnie had misled the bank into giving Blaine credit and accepting the trust deed. On the first point the court found the conveyance to be in good faith. On the second that Lincoln and Minnie were estopped by their statements to say that C. Blaine Scott did not own the land when he got credit from the bank. The court expressly found that the notes represented loans made at various times by the plaintiff to C. Blaine Scott, at the solicitation of Lincoln R. Scott, and that Lincoln withheld from record the deed to Minnie while he made those solicitations and called the plaintiff's attention to C. Blaine Scott's ownership of the land as a reason for giving and for the purpose of getting him credit.

The claim is made that the public trustee, who was not

made a party, was indispensable as such, but no error is assigned on that point. The assignment that the findings or decree is against the law is not enough, as this court has many times held. If it were, that alone would cover all errors.

It is immaterial that the prayer includes the forclosure of the mortgage. There are facts enough to make the action—say a creditor's bill; what we call it is immaterial. The foreclosure of the mortgage, under the circumstances, enables the court to dispense with execution and sale thereunder, and is simply a method of subjecting the property in dispute to the claims of the creditor.

The court ordered foreclosure of the trust deed by sale by the public trustee. It is objected that, since this trust deed was foreclosed as a mortgage in court, it was necessary for the court to issue execution and direct the sheriff to make the sale. The decision in *Blitz v. Moran,* 17 Colo. App. 253, 67 Pac. 1020, supports this position, but this court has never followed that case, and we think that the district court with full equity powers may designate either the sheriff or any other person to make the sale. We see nothing in the code to prevent this. The fact that the public trustee holds the legal title makes the court's designation of him appropriate and desirable and his conveyance under the decree passes the legal title and cures the objection that the omission of him as a party leaves the legal title outstanding.

Whether he might refuse to act under the order of the court, since he was not a party, is immaterial, because he has acted and because that is true of any person appointed as a commissioner by the court.

Plaintiffs in error claim that because the quitclaim deed to Mrs. Scott was on record when the trust deed was given the bank must be held to have had notice of it, but Scott was the real owner of the title held by his wife, who held in trust for him, and, having obtained credit for his son by representing the property to be the son's, while he held a deed for it himself, it is a fraud on the creditor to record

his deed and so destroy the basis of the credit. He was the owner of land while he was saying it was another's and while he knew his statement was to be acted on. It is not the whole story to say that the bank had notice of Lincoln's title at the time the trust deed was given. The critical time is when the credit was given. At that time the quitclaim deed to Mrs. Scott was unrecorded and Lincoln is estopped to enforce his interest through that deed to the injury of the credit which his son gained by his apparent title.

In *Whitescarver v. Interstate Co.*, 71 Colo. 416, 207 Pac. 81, a husband obtained credit by representing that certain property was his and then conveyed it to his wife. Here a father obtained credit for his son by representing certain property to be the son's and then recorded a conveyance to himself. He has no interest in the property as against the creditor.

The claim is made that the bank did not rely on the statements of Lincoln R. Scott, but looked up the records. That is true, but he withheld from the records the evidence of his title and thus deceived the bank into giving credit. *Gwillim v. Asher*, 71 Colo. 143, 148, 204 Pac. 609; *Stockgrowers Bank v. Newton*, 13 Colo. 245, 22 Pac. 444. One cannot, on the ground that other investigation was made, say that his false statements were not relied on when he has prevented that investigation from disclosing the truth. In other words, his perversion of the investigation is itself a false statement.

The judgment is affirmed.

MR. JUSTICE WHITFORD and MR. JUSTICE ADAMS not participating.